In the Matter of Jerry L. SIMMONS
d/b/a Checker Security
Service, Debtor.

Eddie Lamar EDGE, Plaintiff,

v.

Jerry L. SIMMONS d/b/a Checker
Security Service, Defendant.

Bankruptcy No. 80–001576.

Adv. No. 80–0041G.

United States Bankruptcy Court,
N. D. Georgia.

Jan. 22, 1982.

Michael R. Casper, Gainesville, Ga., for plaintiff.

Maylon K. London, Cleveland, Ga., for defendant.

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Defendant-debtor in this action, Jerry L. Simmons, d/b/a Checker Security Service (hereinafter "Defendant"), filed a Chapter 7 petition on October 16, 1980. The Plaintiff, Eddie Lamar Edge (hereinafter "Plaintiff") is a creditor of the Defendant by virtue of a judgment entered against Defendant in the Superior Court of Hall County, Georgia, in the amount of $4,619.25 plus interest at the rate of 7% per annum since June 12, 1979. The Plaintiff brought this adversary proceeding to determine the dischargeability of this debt based on Section 523(a)(6) of Title 11, United States Code, and to bar the discharge of the Defendant based on Section 727(a)(2) and (3).

Section 523 provides in pertinent part as follows:

"(a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity; . . ."

Trial was held before this court on the issue of dischargeability on June 19, 1981. Subsequent to the trial, both parties filed briefs on this issue.

### FINDINGS OF FACT

The Defendant was formerly self-employed as a private security officer. The Defendant was employed by the City of Alto in Habersham County, Georgia (and one other nearby small township) to provide night security for the city. City officials had requested the Defendant to be alert to vandalism and other violations in a parking lot in Alto. On July 8, 1977, one of defendant's employees noticed a blue Ford Mustang automobile in the parking lot where "No Trespassing" signs had been posted. The employee wrote down the license number of the car and gave the information to the Defendant who then requested that the State Motor Vehicle Department supply him with the name of the registered owner

of the vehicle. Upon receiving the name of the registered owner of the car, the Defendant applied for a warrant to be issued against the Plaintiff for the crime of criminal trespassing. The Plaintiff was later arrested at his home in Hall County, Georgia.

At the committal hearing, testimony was given showing that the car alleged to have been in Habersham County on July 8, 1977, had been sold by plaintiff a year previously to an automobile dealer in Gainesville, Hall County, Georgia. Further, the Plaintiff had never been in Habersham County. Judge Garland Shook of Habersham County dismissed the warrant for lack of probable cause.

The Plaintiff subsequently filed a civil action against defendant on May 21, 1979 in Hall County Superior Court for malicious prosecution. The jury returned a verdict for the Plaintiff in the amount of $4,619.25 plus interest at 7% per annum from June 12, 1979. It is this debt that Plaintiff seeks to have determined as non-dischargeable.

## CONCLUSIONS OF LAW

Under Section 523(a)(6), a debtor is not entitled to a discharge of a debt incurred "for willful and malicious injury by the debtor to another entity; .... ." Because "willful" and "malicious" are in the conjunctive, both elements must be present to support a determination of non-dischargeability. Therefore, the facts must show that the injury was both "willful and malicious."

The issue then is whether the "reckless disregard standard" of *Tinker v. Colwell*, was effectively overruled by the Bankruptcy Reform Act of 1978. The House and Senate Reports which accompany the bills which became the Reform Act, are identical. Each state the following regarding the "reckless disregard standard":

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph,

"willful" means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1904), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled. H.R.Rep.95–595, 95th Cong. 1st Sess., 365 (1977). S.Rep.95–989, 95th Cong., 2nd Sess., 79 (1978), [paragraph 5 in Senate Report].

█ Apparently, the congressional draftsmen were attempting to delineate between the deliberate and intentional, willful tort and a high degree of negligence. The distinction is that gross negligence, however odious, nevertheless is not a willful tort. 65 CJS § 9(1).

The Plaintiff relies on *In re Simmons*, 9 B.R. 62, (Bkrtcy.S.D.Fla.1981) where Judge Britton held that the above passage from the House and Senate Reports was ambiguous and therefore inapplicable to § 523(a)(6) to exclude "reckless disregard" as a standard to supply the intent necessary under § 523(a)(6). Judge Britton's decision is based on the following statement:

"The proper function of legislative history is to resolve ambiguity, not to create it.

.   .   .   .   .

Where doubts exist and construction is permissible, reports of the committees of Congress and statements by those in charge of the measure and other like extraneous matter may be taken into consideration to aid in the ascertainment of the true legislative intent. But where the language of an enactment is clear, and construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended. And in such cases legislative history may not be used to support a construction that adds to or takes from the significance of the words employed." [1]

While the above quoted passage is an accurate statement of the law, it does not

---

1. *F.T.C. v. Manager, Retail Credit Co., Miami Branch Office*, (Dir. D.C. Cir. 1975) 515 F.2d 988, 995.

necessarily follow that the legislative history of § 523(a)(6) should not be considered as guidance in this situation. Without the legislative comment regarding "reckless disregard," the statute is not entirely clear that this standard continues to have viability, if, in fact, that concept of constructive malice is properly derived from *Tinker v. Colwell.*[2]

Congress, mindful of the interpretation given § 17(a)(2) of the former Act,[3] offered this above quoted interpretation in the legislative reports on the Code section. The structure of the Code is not such that § 523(a)(6) would contain a list of cases or legal interpretations which are no longer valid. Rather the elaboration and explanation of the Code provision is properly done in the congressional reports.

The portion of "willful and malicious injury" which is addressed in the Reports is the "willful" portion. The "malicious" portion of this conjunctive element is not directly addressed in the Reports. However, because willfulness is an element of malice, willfulness may be seen as indirectly affecting the definition of malice.[4] A close reading of *Tinker* reveals that malice need not be specific evil intent to harm anyone but rather the deliberate, intentional doing of an act which is inherently wrong in the absence of any just or mitigating cause. See *Frito Lay v. Ferguson,* No. 80–0493A (B.C.N.D.Ga., June 10, 1980). Congress is certainly at liberty to give direction to statutory construction, to provide a guide in the legislative history to the definition of "willful" and further is free to delineate what "willful" does not mean—i.e.: reckless disregard—if it so chooses.

█ The judgment received by the plaintiff in the State Superior Court is not determinative of the issue of dischargeability in this court. *In re Eskenazi,* 6 B.R. 366, 6 B.C.D. 1140 (9th Cir. B.A.P. 1980); *In re Houtman,* 568 F.2d 651 (9th Cir. 1978), (§ 17(a) Act case). In the adversary proceeding before this court, the Defendant's conduct evidences a degree of negligence,

perhaps gross negligence and perhaps meets the reckless disregard standard. But his conduct does not attain the standard of a willful tort. There is no showing that the Defendant filed the charges against Plaintiff with any intent to harm the Plaintiff. The act of filing the charge against Plaintiff based only on a single inquiry to the State License Department was not an inherently wrongful act. The malicious standard is not met because the Defendant's action though intentional was not inherently wrongful nor was it without mitigating cause. The Plaintiff has failed in his burden of proof of an exception to the debtor's discharge.

This court holds that the judgment debt for malicious prosecution is dischargeable.

A separate order in accordance with the foregoing opinion will be entered pursuant to Rule 921(a).

---

**2.** 1 Norton Bankr.L. & Prac. § 27.28.

