**In re Yolanda AGUILAR, aka Yolanda Castillo, Debtor.**

**Rebecca H. AGUILAR, Plaintiff,**

**v.**

**Yolanda AGUILAR, aka Yolanda Castillo, Defendant.**

Bankruptcy No. 83–0233.
Adv. No. 82–02386.

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 29, 1983.

Max E. Rayle, Bowling Green, Ohio, for plaintiff.

C. Thomas Gruhler, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before this Court upon the Defendant's Motion for Summary Judgment. The Complaint in this case seeks a determination as to the dischargeability of a debt owed to the Plaintiff by the Defendant-Debtor. The parties have agreed that the issues raised by this Complaint are solely issues of law, upon which this Court may render a decision based upon the record and arguments of counsel.

### FACT

The Defendant's debt arises by virtue of a judgment entry of the Defiance County Court of Common Pleas. In that Court the Plaintiff sued the Defendant on a Complaint alleging criminal conversation and alienation of affection. A trial was held on that Complaint in which the jury awarded the Plaintiff Ten Thousand and no/100 Dollars ($10,000.00) on the criminal conversation allegation, but granted a verdict for the Defendant on the charge of alienation of affection. The Court of Common Pleas entered the jury's verdict on February 22, 1978.

The Defendant filed her bankruptcy petition on November 10, 1982. In that petition she lists the Plaintiff as an unsecured creditor for the unsatisfied judgment of the Defiance County Court. In an effort to prevent the judgment debt from being discharged by this Court the Plaintiff filed this complaint to determine whether or not the debt is eligible for discharge under the Bankruptcy Code.

The determination sought by the Plaintiff's Complaint calls into question the provisions of 11 U.S.C. § 523(a)(6) which state in pertinent part:

"*11 U.S.C. § 523. Exceptions to discharge.*

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—. . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . ."

Specifically, the issue presented is whether or not criminal conversation constitutes willful and malicious injury within the contemplation of the Bankruptcy Code.

Under the Bankruptcy Act of 1898, as amended in 1903, a debt created by an act of criminal conversation was expressly nondischargeable.[1] However, with the enactment of the Bankruptcy Code, the act of criminal conversation was dropped from specific reference. Currently, the provisions regarding exceptions from discharge are ostensibly the same as those in the Bankruptcy Act prior to the Amendment of 1903. Prior to the 1903 amendment, the law stated that:

"a discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as . . . (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another . . ."

Under Ohio law at the time the Plaintiff initiated her Complaint in state court, an action for criminal conversation arose if a defendant had sexual relations with the spouse of the plaintiff. *Swartz v. Steele,* 42 Ohio App.2d 1, 325 N.E.2d 910 (1974). Alienation of affections is not a necessary element to such an allegation. *Trainor v. Deters,* 22 Ohio App.2d 135, 259 N.E.2d 131 (1969). The violation of the

---

1. 11 U.S.C. § 35 states in pertinent part:
"*§ 17. Debts Not Affected By A Discharge.*
a. A discharge in bankruptcy shall release a bankruptcy from all of his provable debts, whether allowable in full or in part, except such as . . .

(7) are for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an· unmarried female, or for breach of promise of marriage accompanied by seduction, or for criminal conversation."

right to exclusive sexual intercourse granted by marriage is the event which gives rise to the action. Intent is not a consideration nor is any standard of care applicable. *See,* 28 Ohio Jur.2d *Husband and Wife* § 162 et seq.[2]

In *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), the Court held that a judgment debt arising from a suit for criminal conversation was not dischargeable in bankruptcy, pursuant to the "willful and malicious" provisions that were applicable when the case was decided by the lower Court. The Court found that the cause of action for criminal conversation addressed the invasion of the property rights of the innocent spouse and an injury to their person. As the Court discussed, a spouse has an expectation and a right to the exclusiveness of the marital relationship, violation of which is an infringement on a property right. This violation occurred regardless of whether or not the defendant knew of the marriage, and regardless of whether or not the offending spouse consented to the act. The Court also indicated that willful conduct was that conduct which was voluntarily undertaken and which was sufficient to accomplish a wrongful act without just cause or excuse. Malice is the intent to do an act, and does not necessarily involve the intent to cause a specific result. Personal malevolence toward the victim is not required.

The legislative comments which follow 11 U.S.C. § 523 indicate that the Code intended to overrule *Tinker v. Colwell* to the extent that it allowed debts for acts of reckless disregard to be declared nondischargeable. These comments could be read to mean that the term malice would require a debtor to have had specific intent or hatred towards the victim. A number of decisions have supported this view, indicating that an absence of aggravating circumstances will negate any malice which would otherwise be implied to an act. *See, Matter of McLaughlin,* 14 B.R. 773 (Bkrtcy.N.D.Ga.

1981). However, a majority of Courts, including this Court, have said that only the intent to do the act is required before a finding of malice can be made. *In re Obermeyer,* 12 B.R. 26, 27 (Bkrtcy.N.D.Ohio 1981). Despite the fact that the Bankruptcy Code intended to overrule the *Tinker* definition of willful there was no such effect on that Court's application of the common law definition of malice. *Matter of Grace,* 22 B.R. 653 (Bkrtcy.E.D.Wis.1982). While the act must be one which necessarily results in harm, the intent to do the resulting harm, although a mitigating factor, is not required. *See, In re Rines,* 18 B.R. 666 (Bkrtcy.M.D.Ga.1982).

Given the circumstances of this case, it cannot be said that the Defendant did not intend to have sexual intercourse with the Plaintiff's husband. While she may not have had any particular design or purpose to carry out an act against the Plaintiff by having sexual relations with her husband, it is not required that she have such a purpose. *Tinker v. Colwell,* supra; *Matter of Simmons,* 17 B.R. 259 (Bkrtcy.N.D.Ga.1982). By intending or consenting to the act the Defendant breached the first element of nondischargeability, that of malice. Secondly, the act is made wrongful by the fact that the law recognizes an action to recover damages for sexual relations outside matrimonial bonds. Third, and akin to the first element, it is doubtful that any excuse or just cause could be found which would excuse an act of this nature. The absence of a particular state of mind cannot excuse an act which gives rise to a cause of action merely upon its completion. The injury is to the expectation of exclusiveness and results when that expectation is broken. As previously pointed out, this broken expectation results regardless of whether or not a defendant knew of the marriage, and regardless of whether or not the offending spouse consented to the act. An adultering spouse is not empowered to accede to a

---

2. With the enactment of Ohio Revised Code § 2305.29 in 1978:

"No person shall be liable in civil damages for any breach of a promise to marry, alienation or affections, or criminal conversation..."

violation of the rights of the innocent spouse.

Based upon the foregoing analysis, it must be concluded that there are no issues of material fact or law which remain to be decided. It is evident that a judgment debt arising from an action for criminal conversation is a debt that is encompassed with the meaning of 11 U.S.C. § 523(a)(6). In reaching this conclusion the Court has considered all the evidence and arguments of counsel whether or not specifically referred to in this Opinion.

Accordingly, it is ORDERED that the debt for the judgment of the Definace County Court of Common Pleas be held nondischargeable.