In re Bart A. & Patricia D. HOPKINS, Debtors.

BRISTOL LUMBER CO., Plaintiff,

v.

Bart Allen HOPKINS, Defendant.

Bankruptcy No. 87 B 30096.
Adv. No. 87 A 3026.

United States Bankruptcy Court, N.D. Illinois, W.D.

Feb. 2, 1988.

Daniel A. Fish, Dixon, Ill., for plaintiff.

David M. Kaleel, Mendota, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER,
Bankruptcy Judge.

This matter comes before the Court on the Motion of the Bristol Lumber Co. (Plaintiff) for Summary Judgment. The Plaintiff is represented by Attorney Daniel A. Fish. The Debtors are represented by Attorney David M. Kaleel.

This Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On April 16, 1981, Bart Hopkins (the Debtor), after drinking, lit a cardboard box on the property of the Plaintiff. The ensuing fire caused approximately $30,000 of damage. The Debtor was arrested and charged with the offense of criminal damage to property pursuant to Ill.Rev.Stats. ch. 38, Paragraph 21–1(a), a class 4 felony. On July 27, 1981, the Debtor pleaded guilty to the charge of criminal damage to property and was sentenced sometime thereafter. At the hearing in which the Debtor pleaded guilty, an offer of proof was read into the record. The offer of proof indicates that the Debtor did in fact light a fire on the property of the Plaintiff and the damage caused was in excess of $150.00 (the dollar amount in Illinois to distinguish a misdemeanor from a felony). The Debtor stipulated to the offer of proof.

Sometime thereafter, the Plaintiff filed a civil suit in Lee County Circuit Court, Lee County, Illinois, alleging damages of $29,-556.91 plus costs of $83.00. On September 21, 1984, a default judgment was entered against the Debtor in the above-stated amounts. The default judgment recites that the damage was the result of willful and intentional acts of the Debtor.

Mr. and Mrs. Hopkins filed for relief under Chapter 7 of the Code on January 22, 1987. The present Complaint to Determine the Dischargeability of a Debt was filed on April 30, 1987.

To answer the Motion for Summary Judgment, the Debtor filed an Affidavit. In the Affidavit, the Debtor states that he started the fire but did not intend to burn down the lumber yard. He states that he was intoxicated. He states further that he only pled guilty to criminal damage to property because he was threatened with a charge of arson and a prison sentence.

Section 523(a)(6) provides:

(a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

   *     *     *     *     *     *

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. Section 523(a)(6).

In order for a debt to be declared nondischargeable pursuant to Section 523(a)(6), the creditor has the burden of proving that the injury was caused by an act that was both willful and malicious. *United Bank of Southgate v. Nelson*, 35 B.R. 766 (N.D.Ill.1983). Case law defines willful as an "intentional or deliberate" act. *In re Weingarten*, 49 B.R. 881 (Bankr.N.D.Oh. 1985); *In re Emporelli*, 42 B.R. 814 (Bankr.W.D.Pa.1984); and, *In re Meyer*, 7 B.R. 932 (Bankr.N.D.Ill.1981). A malicious act is one "in which the debtor knows his act would harm the creditor's interest and proceeds in the face of the knowledge." *United Bank of Southgate v. Nelson.*

In support of its Motion for Summary Judgment, the Plaintiff argues that all of the elements under Section 523(a)(6) are established from the Debtor's plea of guilty to criminal damage to property and the default judgment. The Debtor con-

tends that the plea of guilty to the charge of criminal damage to property was made only to avoid being tried for the offense of arson, which carries with it the possible penalty of a prison sentence; as such, the charge of criminal damage to property does not carry with it a penalty sufficiently stiff to have deterred the Debtor from pleading guilty when in fact he was innocent. The Debtor argues further that since the civil judgment was a default judgment, the Plaintiff had the opportunity to include anything in the final judgment he wished, including a finding that the act was willful and malicious. As affirmative and meritorious defenses, the Debtor claims that he was intoxicated and did not intend to burn down the entire lumber yard.

In *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court found that the bankruptcy court may, but need not, apply the doctrine of collateral estoppel to prevent the relitigation of issues if the record of the previous case warrants such application. Collateral estoppel is properly applied when:

1. The issues sought to be precluded are the same as those involved in the prior action;

2. They are determined by a valid and final judgment;

3. The determination must have been essential to the prior judgment; and,

4. The issues must have been actually litigated.

*In re Ross,* 602 F.2d 604 (3rd Cir.1979); *In re McMillan,* 579 F.2d 289 (3rd Cir. 1978); *United States Life Title Ins. Co. v. Dohm,* 19 B.R. 134 (N.D.Ill.1982).

In this case, the issues involved in the state criminal suit are the same as in this non-dischargeability suit. Section 21-1(a) of the Illinois Criminal Code provides:

Any of the following acts, except any act described in paragraph (g), is a Class A misdemeanor and any act enumerated in paragraph (a) or (f) when the damage to property exceeds $150 is a Class 4 felony;

(a) Knowingly damages any property of another without his consent;

Ill.Rev.Stat. ch. 38, Paragraph 21-1(a) (1980). Section 4-5 of the Criminal Code provides:

Knowledge. A person knows, or acts knowingly or with knowledge of:

(a) The nature or attendant circumstances of his conduct, described by the statute defining the offense when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists.

(b) The result of his conduct, described by the statute defining the offense, when he is consciously aware that such result is practically certain to be caused by his conduct.

Conduct performed knowingly or with knowledge is performed wilfully, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning.

Ill.Rev.Stat. ch. 38, Paragraph 4-5 (1980). So that in Illinois, when a defendant acts with knowledge he acts willfully and with the awareness that his action will, to a high degree of certainty, cause a certain result; and he performs the act in the face of that knowledge. The issues involved in the criminal suit are the same as in the present action.

A plea of guilty was entered and a final Judgment Order in the criminal case was entered. Additionally, a final judgment setting damages was entered in the civil action. Therefore, there are valid final judgments in both state cases.

In the criminal case, the determination that the Debtor acted with knowledge was necessary for a finding of guilty. In the civil suit, negligence may have been sufficient for liability. Nevertheless, evidence on damages was essential to the civil judgment. Read together, all of the elements needed in an action under Section 523(a)(6) of the Code were essential elements in the state court cases.

The Debtor argues that the issues were not actually litigated. Generally, a plea of guilty or confession of judgment is suffi-

cient to constitute litigation on the issues. *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987); *In re Dubuque,* 46 B.R. 156 (Bankr.D.N.H.1985). An exception is made when the penalty to be imposed is not sufficiently serious to deter a defendant from pleading guilty when, in fact, he is innocent.

In this case, the Debtor contends that he was threatened with a charge of arson which carries with it the possibility of a prison sentence. Rather than face an arson charge, he agreed to plead guilty to the lesser charge of criminal damage to property. The Debtor bolsters his argument by alleging that he was actually intoxicated and did not intend to burn down the entire lumber yard.

In rejecting this argument, the Court makes some observations. In Illinois, arson is a Class 2 felony. Ill.Rev.Stats. ch. 38, Paragraph 20–1 (1981). A Class 2 felony carries a possible sentence of 3 years to 7 years imprisonment and a fine of up to $10,000. Ill.Rev.Stats. Paragraphs 1005–8–1(a)(5) and 1005–9–1 (1981). A Class 4 felony carries a penalty of 1 year to 3 years imprisonment and a fine of up to $10,000. Ill.Rev.Stats. ch. 38, Paragraphs 1005–8–1(a)(7) and 1005–9–1 (1981). Alternatively, a person convicted of a Class 2 felony could be sentenced to probation of 4 years and if convicted of a Class 4 felony, probation of 30 months. Ill.Rev.Stats. ch. 38, Paragraph 1005–6–2 (1981). The Court notes further that the Debtor entered a "blind" plea of guilty. When a defendant pleads "blind", the plea of guilty is made without agreement with the States Attorney as to sentence.

In this case, the Debtor pled blind to a Class 4 felony and faced up to 3 years in prison. There is no allegation to create a question of fact that the State's Attorney for Lee County agreed not to ask for a prison sentence at the sentencing hearing.

But, the Debtor argues, he was too intoxicated and did not intend to burn the entire lumber yard. An action under Sec-

tion 523(a)(6) does not require a specific intent state of mind. In other words, it need not be proven that the Debtor specifically intended to burn down the entire lumber company. Rather it only need to be proven that the Debtor was consciously aware of his conduct. *In re Tinkham,* 59 B.R. 209 (Bankr.D.N.H.1986); *In re Aguilar,* 33 B.R. 535 (Bankr.N.D.Oh.1983).

A Motion for Summary Judgment is properly granted if there is no genuine issue of a material fact. Fed.R.Civ.P. 56(c) and Rule 7056 of the Federal Rules of Bankruptcy Procedure. In this case, the Debtor does not deny that he lit the cardboard box, the property of another. He also does not deny that he knew he was starting a fire in a lumber yard, of all places. The allegation of intoxication is insufficient to raise a genuine issue of material fact because the Affidavit admits that the Debtor had the requisite mental state at the time he lit the fire that damaged the lumber yard.

Given the judgments entered in the state court criminal and civil cases[1] and the Debtor's Affidavit, the Plaintiff's Motion for Summary Judgment should be GRANTED.

IT IS SO ORDERED.

---

1. At the hearing on Plaintiff's Motion, the Debtor's deposition was offered into evidence. Upon the Debtor's Objection, the Court reserved ruling. The Court's decision is not predicated upon anything contained in the deposition and denies its entry into evidence. All other exhibits are entered into evidence.