In re Vern E. MEYER, Debtor.

William C. PERRIN, Plaintiff,

v.

Vern E. MEYER, Defendant.

Bankruptcy No. 87–00442.
Adv. No. 87–0107.

United States Bankruptcy Court,
D. South Carolina.

June 6, 1988.

Curtis L. Coltrane, Herring, Meyer & Coltrane, P.A., Hilton Head Island, S.C., for plaintiff.

R. Michael Drose, Drose & Associates, North Charleston, S.C., for defendant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Chief Judge.

The plaintiff in this adversary proceeding seeks a determination that the $155,000. debt owed to the plaintiff by the defendant is nondischargeable under section 523(a)(6) of the Bankruptcy Code (11 U.S.C. § 523(a)(6)).

The debt is based on a judgment issued against the defendant upon causes of action for alienation of affection and criminal conversation.

### FACTS

1. William C. Perrin (the plaintiff) and Theresa Windish (Theresa) were married on August 23, 1954, divorced in 1970, and remarried on July 3, 1970.

2. In 1979, the plaintiff and Theresa moved to Denver, North Carolina. Shortly thereafter, Theresa began to work as an emergency room nurse at Gordon Crowell Hospital in Lincolnton, North Carolina.

3. Vern E. Meyer (the defendant), a physician, moved to Lincolnton, North Carolina, in the early part of 1981, while he was married to Lorraine Speers Meyer.

4. Shortly after moving to Lincolnton, North Carolina, the defendant opened a private medical practice and became an emergency room doctor at Gordon Crowell Hospital.

5. The defendant met Theresa in July of 1981.

6. In June of 1982, the plaintiff and Theresa separated. Thereafter, Theresa lived with her daughter in Charlotte, North Carolina. Theresa and the defendant engaged in sexual relations shortly after the plaintiff and Theresa separated, but before they were divorced.

7. In 1983, the plaintiff and Theresa were divorced. The defendant and Lorraine S. Meyer were divorced in January of 1984. Thereafter, on January 25, 1984, the defendant and Theresa were married.

8. On July 13, 1983, in the Superior Court for Lincolnton County, North Carolina, the plaintiff sued the defendant for alienation of affections and criminal conversation. Although the defendant answered the plaintiff's complaint, he failed to respond to discovery requests and failed to appear for trial, whereupon, on August 8, 1984, the Superior Court entered a default judgment against the defendant in the amount of $155,000. The defendant did not appeal.

9. The defendant, on February 6, 1987, filed a petition for relief under chapter 7 of the Bankruptcy Code.[1] The defendant scheduled the plaintiff's judgment as one of his unsecured debts.

### ISSUE

Did the defendant willfully and maliciously injure the plaintiff so as to preclude, pursuant to § 523(a)(6), the discharge of the defendant's $155,000. indebtedness to the plaintiff?

### DISCUSSION

#### I

##### Burden of Proof

■ The party challenging the dischargeability of a debt bears the burden of proof. *Sylvester v. Stone (In re Stone)*, 11 B.R. 209, 211 (Bankr.D.S.C.1981); *Hennessy Cadillac v. Green (In re Green)*, 5 B.R. 247, 2 C.B.C.2d 905 (Bankr.N.D.Ga.1980).

Creditors seeking to have their debts declared nondischargeable under § 523(a)(6) must prove the debt to be nondischargeable

---

1. Further references to the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) shall be by section numbers only.

by a preponderance of the evidence. *Combs v. Richardson*, 838 F.2d 112, 116 (4th Cir.1988).

## II

### *"Willful and Malicious"*

Section 523(a) states: "A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—... (6) for willful and malicious injury by the debtor to another entity...."

The bankruptcy definition of "entity" includes person. Section 101(14).

"Willful", for the purposes of § 523(a)(6), means deliberate or intentional. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320; *United Bank of Southgate v. Nelson (In re Nelson)*, 11 B.C.D. 159, 161, 35 B.R. 766, 769, 9 C.B. C.2d 745, 747 (N.D.Ill.1983); *Firstmark Financial Corp. v. Aldrich (In re Aldrich)*, 37 B.R. 860, 862 (N.D.Ohio 1984).

An act is "malicious" within the meaning of § 523(a)(6) if wrongful and without just cause or excuse. *St. Paul Fire & Marine Insurance Co. v. Vaughn*, 779 F.2d 1003, 1008 (4th Cir.1985). In *St. Paul Fire & Marine Insurance Co., supra*, the court stated: "We reaffirm our holding in *Bennett* [*Bennett v. W.T. Grant*, 481 F.2d 664 (4th Cir.1973)] and apply the principle that specific malice on the part of the debtor is not required under § 523(a)(6)." The court, in so holding, found a showing of constructive or implied malice to be sufficient to establish the malice required for exception to discharge. *Id.* at 1009. In other words, "[m]alice need not be specific evil intent to harm anyone but rather the deliberate intentional doing of an act which is inherently wrong in the absence of any just or mitigating cause." *Edge v. Simmons (In the Matter of Simmons)*, 17 B.R. 259, 261 (Bankr.N.D.Ga.1982).

## III

### *Criminal Conversation*

 Under North Carolina law, the elements of a cause of action for criminal conversation are: (1) a valid marriage, and (2) sexual intercourse between one of the married partners and an outsider during the term of the marriage. *Chappell v. Redding*, 67 N.C.App. 397, 313 S.E.2d 239 (1984). Criminal conversation is adultery. *Scott v. Kiker*, 59 N.C.App. 458, 297 S.E.2d 142, 145 (1982).

 The marriage between the plaintiff and Theresa is admitted, and, at trial, the defendant admitted having sexual relations with Theresa while she was married to the plaintiff. Thus, the plaintiff has proven the elements of a cause of action for criminal conversation.

Having determined that the defendant committed the tort of criminal conversation, this court must now consider whether the defendant, in so doing, has willfully and maliciously injured the plaintiff within the meaning of § 523(a)(6).

The court in *In re Aguilar*, 33 B.R. 535, 537, 9 C.B.C.2d 546, 549 (N.D.Ohio 1983) found criminal conversation to be willful and malicious within the meaning of § 523(a)(6) because (1) the act of adultery was intentional; (2) "the act is made wrongful by the fact that the law recognizes an action to recover damages for sexual relations outside matrimonial bonds"; and (3) there was no just cause to excuse the act.

Here, as in *Aguilar*, the defendant's criminal conversation is willful and malicious for the purposes of § 523(a)(6)—the act was intentional, wrongful and without just cause or excuse.

## IV

### *Alienation of Affections*

The plaintiff has proven a cause of action for alienation of affections.

"The essential elements of an action for alienation of affections are the marriage, the loss of affection or consortium, the wrongful or malicious conduct of the defendant, and a casual connection between such loss and conduct." *Bishop v. Glazener*, 245 N.C. 592, 96 S.E.2d 870 (1957).

The marriage is admitted.

While Theresa admits her loss of affection for the plaintiff, the cause of the loss is hotly disputed.

The defendant contends that no action on his part caused the alienation of affections and that the plaintiff's evidence fails to show that any genuine love and affection existed between the plaintiff and Theresa during the period of time relevant to the alleged cause of action for alienation of affections.

The plaintiff and Theresa were married for approximately twenty-six years. Although first divorced in 1970, the plaintiff and Theresa remarried later that year. Four children were born of the marriage.

The plaintiff testified that after moving to Denver, North Carolina, in 1979, his marriage seemed harmonious, but that in July of 1981, Theresa began to withdraw from him, and that in May of 1982, Theresa stated that she wished to move from their marital home.

The defendant met Theresa in July of 1981. The defendant testified that Theresa visited him in his home while his then wife, Lorraine Speers Meyer, and their children travelled to the World's Fair. Lorraine Speers Meyer testified by deposition that she and her children visited the World's Fair after the Memorial Day weekend in 1982, and that, early in May of 1982, the defendant and Theresa occupied a secluded cabin in Pinehurst, North Carolina, for several days.

On or about June 1, 1982, Theresa left the marital home.

Theresa testified that she had been a victim of the plaintiff's drunkenness and abuse for years, that no love had existed between her and the plaintiff for many years, and that the reason she remained married to the plaintiff was for the benefit of her children. She stated that she did not wish to leave the plaintiff until her youngest child had finished school and left home.

■ In order to prove a cause of action for alienation of affections, it is not necessary that the wrongful and malicious conduct of the defendant be the only cause of the alienation of affections. "It suffices, according to the rule in the large majority of the cases, if the wrongful and malicious conduct of the defendant is the controlling or effective cause of the alienation." *Bishop v. Glazener, supra,* as cited in *Sebastian v. Kluttz,* 6 N.C.App. 201, 170 S.E.2d 104, 107 (1969).

■ There exists strong circumstantial evidence that an intimate relationship between the defendant and Theresa began before the plaintiff and Theresa separated in June of 1982. Lorraine Speers Meyer testified that Theresa visited the defendant at a secluded cabin in Pinehurst, North Carolina, in the early part of May in 1982. Lorraine Speers Meyer further testified that at the end of May in 1982, she and her children visited the World's Fair. The defendant has admitted that Theresa visited him in his home while his family was at the World's Fair. The defendant and Theresa had sexual relations in June of 1982, the month during which the plaintiff and Theresa separated. From this and other evidence, the court finds that the willful and malicious [2] conduct of the defendant is the controlling cause of the alienation.

Although plaintiff's life with [his wife] had not been as happy and tranquil as some marriages are, [he] was entitled to possess and enjoy all of [his] legally protected marital interests free from interference by the defendant.

*Sebastian v. Kluttz,* 6 N.C.App. 201, 170 S.E.2d 104, 108 (1969).

The evidence indicates: (1) that while the plaintiff and Theresa were married, the marital interests of the plaintiff were interfered with by acts of the defendant; and (2) that the defendant's acts appear to have obliterated the love and affection between the plaintiff and his wife. The plaintiff has proven his cause of action for alienation of affections.

■ Furthermore, the plaintiff has shown by a preponderance of the evidence that the defendant's acts were intentional without just cause or excuse, and wrongful

---

**2.** *See* discussion on II, *supra.*

(the law recognizes an action to recover damages for alienation of affections). Thus, the acts of the defendant are willful and malicious for the purposes of § 523(a)(6). *In re Aguilar*, 33 B.R. 535, 537, 9 C.B.C.2d 546, 549 (N.D.Ohio 1983).

### CONCLUSION

The plaintiff has shown by a preponderance of the evidence that the defendant willfully and maliciously injured the plaintiff so as to preclude, pursuant to § 523(a)(6), the discharge of the defendant's $155,000. indebtedness to the plaintiff.[3]

### ORDER

Therefore, IT IS ORDERED, ADJUDGED AND DECREED that the defendant's $155,000. debt to the plaintiff is non-dischargeable.

Curtis L. Coltrane, Herring, Meyer & Coltrane, P.A., Hilton Head Island, S.C., for appellee.

R. Michael Drose, Drose & Associates, North Charleston, S.C., for appellant.

---

**3.** The $155,000. debt is based upon a default judgment from which the defendant made no appeal. After answering the complaint, the defendant failed to avail himself of his day in court. *See* fact 8. The record herein does not show that the defendant has taken any action since the judgment was rendered—on August 8, 1984—to set aside the default. *See generally GNB, Incorporated v. Tropex, Inc.,* 849 F.2d 605 (1988 Fourth Circuit, unpublished).