**In re Andrew Joseph BAKER, Debtor.**

**Bruce E. COLEMAN, Plaintiff,**

**v.**

**Andrew Joseph BAKER, Defendant.**

**Bankruptcy No. 88–50596.
Adv. No. 88–0282.**

United States Bankruptcy Court,
S.D. Illinois.

Jan. 3, 1990.

Alice M. Treumann, Clayton, Mo., for plaintiff.

William Webster, Atty. Gen., Kelly Mesher, Asst. Atty. Gen, Jefferson City, Mo., David C. Mason, Dept. of Corr., Jefferson City, Mo., for defendant.

OPINION

BASIL H. COUTRAKON, Bankruptcy Judge.

OPINION

This case comes before the Court on the Plaintiff's Motion for Summary Judgment on his Amended Complaint to Determine Dischargeability of Debt in this Chapter 7 proceeding. The Plaintiff, Bruce E. Coleman ("Coleman"), seeks to have a judgment in excess of $100,000 against the Debtor, Andrew Joseph Baker ("Baker"), declared nondischargeable under Bankruptcy Code Section 523(a)(6), which provides for the nondischargeability of debts incurred for "wilful and malicious injury by the debtor to another entity...." The Debtor, who pled guilty to a criminal

charge of aggravated battery, stabbed Coleman in the abdomen without legal justification.

Under Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056, summary judgment is appropriate when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. For the reasons discussed below, the Court grants the Plaintiff's motion and declares the judgment nondischargeable.

## FINDINGS OF FACT

1. On or about December 16, 1985, the Debtor entered a plea of guilty to aggravated battery on the person of Bruce Coleman, the Plaintiff.

2. The crime, which was committed on August 31, 1985, was described as follows in the Madison County State's Attorney's "Information." "[The Debtor] without legal justification and by the use of a deadly weapon, a knife, knowingly caused bodily harm to Bruce Coleman, in that he stabbed Bruce Coleman in the abdomen in violation of Paragraph 12–4(b)(1), Chapter 38, Illinois Revised Statutes...."

3. The Debtor admits that he entered a guilty plea on December 16, 1985, to the charge of aggravated battery as described in the State's Attorney's "Information."

4. Subsequently, in a civil action for the intentional tort of battery, the Debtor was found in default. At the hearing on damages, the Debtor was found liable and ordered to pay actual damages of $80,000 and punitive damages of $20,000 to the Plaintiff, plus costs of the suit. A Judgment Order was filed on November 7, 1986.

5. Two years after the Judgment Order was filed, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 14, 1988.

## CONCLUSIONS OF LAW

The central issue in this proceeding is the extent to which the bankruptcy court may use information from the prior state court suits to determine the dischargeability of the debt owed to the Plaintiff. This issue in turn requires an examination of the application of res judicata or collateral estoppel. Res judicata (or claim preclusion) prevents litigation on all grounds for, or defenses to, recoveries that were previously available to the parties regardless of whether they were asserted or determined in the prior proceeding. Collateral estoppel (or issue preclusion) prevents relitigation of the same issues between the same parties in different causes of action. It refers to the effect of findings of fact actually litigated in one lawsuit upon subsequent litigation which involves a different cause of action, but some or all of the same facts. *Brown v. Felson*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). For an excellent discussion of these two legal principles, see Russell, *The Preclusive Effect of Res Judicata and Collateral Estoppel in Bankruptcy Litigation* [in two parts], Norton Bankr.L.Adviser, Dec.1986 [Part I], and Jan.1987 [Part II]. The Court is indebted to Judge Russell for his treatment of this subject.

In *Brown*, the U.S. Supreme Court held that a bankruptcy court may consider evidence extrinsic to the judgment and record of a prior state court suit when determining whether a debt reduced to judgment in the state court is dischargeable, since res judicata does not apply to bar a creditor from offering additional evidence to meet a new defense of bankruptcy asserted by a debtor. However, res judicata does preclude the debtor in dischargeability proceedings from raising issues as to the validity and amount of a claim by a party based upon a prior judgment whether actually litigated or entered by default. *See also In re McKenna*, 4 B.R. 160, 162 (Bankr.N.D. Ill.1980) (default judgment obtained in a prior state court proceeding is conclusive as to the cause of action and liability determined in that proceeding).

In *Brown*, the U.S. Supreme Court found that a bankruptcy court may, but need not, apply the doctrine of collateral estoppel to prevent the relitigation of issues if the record of the previous case warrants such application. Under the doctrine of collateral estoppel, a bankruptcy court is not

required to redetermine all of the underlying facts of a state court judgment. The theory is that there is no reason to presume that the parties will not vigorously present their case on issues necessary to the state court proceedings or that the bankruptcy court will be any more fair or accurate than the state court in the determination of the facts. Thus, there is no reason to allow relitigation of facts previously litigated which were necessary to the outcome of that prior litigation. As the Court in *In re Hopkins,* 82 B.R. 952 (Bankr.N.D.Ill.1988) noted:

Collateral estoppel is properly applied when:

1. The issues sought to be precluded are the same as those involved in the prior action;

2. They are determined by a valid and final judgment;

3. The determination must have been essential to the prior judgment; and,

4. The issues must have been actually litigated.

*Id.* at 954.

In this case, the issues involved in the state criminal suit are the same as in this nondischargeability suit. Sections 12–3 and 12–4(b)(1) of the Illinois Criminal Code, ch. 38, Ill.Rev.Stat. provide:

Section 12–3. Battery

Section 12–3(a). A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual. . . .

Section 12–4. Aggravated battery

Section 12–4. A person who, in committing a battery, commits aggravated battery if he either:

(1) Uses a deadly weapon;

The Illinois Criminal Code defines knowledge in Section 4–5. "When a defendant acts with knowledge, he acts willfully and with the awareness that his action will, to a high degree of certainty, cause a certain result and he performs the act in the face of that knowledge." *Hopkins,* 82 B.R. at 954. In addition to the Debtor's guilty plea to the criminal action, the state court found the Debtor guilty of the intentional tort of aggravated battery in the Plaintiff's civil action. This Court also finds that the Debtor's stabbing the Plaintiff was done deliberately, with the knowledge that great harm could be done to him. The crime was done without just cause or excuse.

All of the elements necessary for collateral estoppel to apply are present in this case. The issues involved in the criminal suit are identical to the present action. Further, there are valid final judgments in the state criminal and civil cases, and the determinations on the issues were essential to the prior judgments. Finally, the Debtor's guilty plea is sufficient to constitute litigation on the issues. *Hopkins,* 82 B.R. at 955, *citing Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987). Thus, this Court accepts the previous state court judgments to the extent that they pertain to the instant dischargeability proceeding.

To except a debt from discharge under Bankruptcy Code Section 523(a)(6), the injury caused by the Debtor must have been willful and malicious, a "deliberate or intentional act in which the debtor knows his act would harm the Creditor's interest and proceeds in the fact of the knowledge." *In re Cunningham,* 59 B.R. 743, 746 (Bankr. N.D.Ill.1986). Based on the Debtor's guilty plea to a crime with an element of intent, and the state court's finding that he was guilty of an intentional tort, this Court finds that the nondischargeability requirements of Section 523(a)(6) are met. The Debtor willfully and maliciously injured the Plaintiff, and the debt emanating from that injury is declared nondischargeable. The Plaintiff's Motion for Summary Judgment is granted.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure. See written Order.