In re Claude Dennis PITNER, Debtor.

Martha SMITH, Plaintiff,

v.

Claude Dennis PITNER, Defendant.

Civ. No. 3–80–279.

United States District Court, E. D. Tennessee, N. D.

July 23, 1980.

J. Paul Robinson, Knoxville, Tenn., for plaintiff.

James R. LaFevor, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an appeal from a ruling of the Bankruptcy Court discharging a $95,000.00

judgment debt. The judgment creditor, or plaintiff, has appealed claiming the debt is not dischargeable under 11 U.S.C. Section 523(a)(6). Both plaintiff and defendant have briefed the issues. Since neither side has requested oral argument pursuant to the local rules of this Court, the case is ripe for decision on the merits.

The defendant (bankrupt) shot and killed plaintiff's husband during a barroom altercation. The defendant entered a plea of guilty to a charge of voluntary manslaughter after plea negotiations. The plaintiff filed a civil lawsuit against defendant for assault and battery. The amended complaint in the lawsuit contained no averments of negligence. At the trial, the defendant claimed the shooting was unintentional and in self-defense. Nevertheless, the jury returned a verdict in plaintiff's favor and awarded $95,000.00 in compensatory damages. The amended complaint did not seek exemplary damages.

The defendant then filed a voluntary petition in bankruptcy. The plaintiff contested the discharge of the judgment debt. The Bankruptcy Judge held a hearing and concluded that the debt was dischargeable. In substance, the Bankruptcy Judge found that plaintiff had failed to show that the shooting was "malicious" and thus had failed to come within the "willful and malicious injury" exception to bankruptcy discharges.

Plaintiff appeals to this Court arguing that the jury's verdict in the civil trial necessarily included a finding of fact that defendant acted willfully and maliciously. The plaintiff contends this finding by the jury should have been given collateral estoppel effect by the Bankruptcy Court.

11 U.S.C. Section 523(a) provides as follows:

A discharge under ... this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

The Bankruptcy Judge answered plaintiff's collateral estoppel argument as follows:

The action in the state court was in tort for assault and battery. In Tennessee there is no requirement of malice for the torts of assault and battery. *Huffman v. State* . . .

The case cited by the Bankruptcy Judge for this proposition, *Huffman v. State*, 292 S.W.2d 738 (Tenn.1956), does not support it at all. In *Huffman*, the Tennessee Supreme Court held that a criminal indictment for assault and battery could not be interpreted to include the crime of assault with intent to commit voluntary manslaughter. 292 S.W.2d at 741. The obvious difference between the two crimes is that the latter involves an intent to take a human life, while the crime of assault and battery does not. Nowhere in the opinion does the court say or imply that malice is not an element of the tort of assault and battery. Indeed, the indictment in *Huffman* charging willful and malicious intent to injure was construed as charging assault and battery. 292 S.W.2d at 740, 741.

Neither is the Bankruptcy Court's reliance on the Historical and Revision Notes following 11 U.S.C. § 523 convincing. The note quoted in the Bankruptcy Judge's opinion simply rejected any definition of willfulness other than "deliberate and intentional." The "reckless disregard" standard was specifically rejected. The note defines "willful" and does not pertain to the problem here, the definition of "malicious."

The Tennessee Supreme Court has considered the question of whether the tort of assault and battery necessarily includes "willful and malicious injury," as those words are used in the Bankruptcy Act. In *Kite v. Hamblen*, 241 S.W.2d 601 (Tenn. 1951), the Tennessee Supreme Court held that "willful and malicious injury" was embraced in the tort of assault and battery. Justice Gailor said:

'Willful and malicious injury,' in the bankruptcy act and everywhere in the law, does not necessarily involve hatred or ill will as a state of mind, but arises

from 'a wrongful act, done intentionally, *without just cause or excuse.'* 241 S.W.2d at 603 (emphasis added).

In *Kite*, the word "willful" was defined as the intentional doing of an injurious act, and the word "malicious" was defined as the absence of just cause or excuse. The court, in reaching its result, must have viewed both of these elements as essential to the state law tort of assault and battery.

Thus, defining the word "malicious" in 11 U.S.C. § 523(a)(6) as the absence of any legal justification for the act done, and construing this as an essential element of assault and battery, it is clear that the verdict against defendant collaterally estops him from denying his action was "malicious."

Even if the word "malicious" were given the narrower definition of ill–will or malevolent attitude, the Court is of the opinion that defendant would still be collaterally estopped from denying it. Although ill–will or malevolence may not be an essential element of all assault and battery cases it was an unavoidable element in this particular assault and battery. The civil jury found that defendant deliberately pointed a gun at plaintiff's decedent and fired it. The jury further found that the shooting was not in self–defense. These conclusions are inescapable in the jury's verdict for the plaintiff. These findings of fact by a civil jury may not be relitigated, particularly between the same parties, in Bankruptcy Court. The deliberate shooting of another human being, not done in self–defense, is a malicious act in every sense of the word. One does not fire a pistol at another person without intending to kill or seriously injure him. An unjustified intent to kill or seriously injure someone reflects ill–will. The fact that defendant's action was legally characterized as an assault and battery does not denigrate the malicious nature of the particular act this particular defendant was found to have committed. The Court does not say that all assault and battery cases involve "willful and malicious injury" under Section 523, although there is support for that proposition in Tennessee and else-where. But in this particular case, involving an intentional, unjustified shooting, the element of maliciousness is unavoidably found in the jury's verdict.

For the foregoing reasons, it is ORDERED that the Judgment of the Bankruptcy Court dated May 14, 1980 be, and the same hereby is, reversed and that the $95,000.00 judgment debt owing to plaintiff not be discharged, pursuant to 11 U.S.C. § 523(a)(6).

Order Accordingly.