**In re Felix and Maria CASTANEDA, Debtors.**

**Manuel CORRASCO, Plaintiff,**

**v.**

**Felix CASTANEDA, Defendant.**

**Bankruptcy No. 87 B 4779.**
**Adv. No. 87 A 460.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 15, 1988.

---

Stephen J. Costello, Costello & Costello, Carpentersville, Ill., for plaintiff.

Manuel Barbosa, Elgin, Ill., for defendant.

## AMENDED MEMORANDUM OPINION AND ORDER [1]

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter comes to be heard before the Court on the motion for summary judgment combined with a memorandum in support of plaintiff's motion for summary judgment filed by Manuel Corrasco ("Corrasco") by and through his attorney Stephen J. Costello and the law firm of Costello & Costello and on response to the motion for summary judgment filed by Felix Castaneda ("Castaneda") or ("Debtor") by and through his attorney Manuel Barbosa. For the reasons stated below the motion for summary judgment is denied.

### BACKGROUND

On July 13, 1985, Castaneda and Corrasco were involved in a fight, during which the Debtor stabbed Corrasco. As a result of this wound, Corrasco incurred medical bills, although the record does not indicate the amount. On April 2, 1986, Corrasco filed a lawsuit in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois. Count II of the complaint alleged that Castaneda's actions in the fight violated various Illinois statutes dealing with assault, aggravated assault, battery, and aggravated battery and sought compensatory damages in the amount of $15,000 plus costs.[2] On August 22, 1986, a trial was conducted before the Honorable Gene Nottolini and a judgment was entered for Corrasco only on Count II of the complaint, in the amount of $9,067.00.

Felix and Maria Castaneda filed a voluntary petition in bankruptcy under Chapter 7. On May 20, 1987, Corrasco filed a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6). Subsequently, he moved for summary judgment claiming that the state court must have found that Castaneda acted willfully and maliciously since the court entered judgment against him on Count II of the complaint. Moreover, Corrasco contends that Castaneda is collaterally estopped from denying that the debt arose from a willful and malicious act.

### THE STANDARD FOR SUMMARY JUDGMENT

To prevail in his motion for summary judgment, Corrasco must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure made applicable to adversary proceedings in the bankruptcy court by Fed.R.Bankr.P. 7056. Fed.R.Civ.P. 56 reads in part:

[T]he judgment sought shall be rendered forthwith if the pleadings, despositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In a motion for summary judgment, the burden is on the moving party to show that no issue of material fact is in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Hossman v. Spradlin*, 812 F.2d 1019, 1020

---

1. This opinion amends this Court's unpublished opinion issued January 12, 1988.

2. Count I of the complaint alleged the same violations and sought punitive damages in the amount of $15,000.

(7th Cir.1987). Further, all doubts regarding issues of material fact must be viewed in a light favoring the non-moving party. *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1961); *Moore v. Market Place Restaurant, Inc.,* 754 F.2d 1336, 1339 (7th Cir.1985). All inferences must be construed in favor of the movant's opponent. *United States v. Diebold Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

## Discussion

A debt arising from "willful and malicious injury by the debtor to another entity or the property of another entity" is nondischargeable under 11 U.S.C. § 523(a)(6). It is plaintiff's position that his state court judgment collaterally estops the debtor from relitigating in this Court the question of whether he willfully and maliciously injured the plaintiff in the fight.

■ The doctrine of collateral estoppel may preclude the issue of dischargeability of a debt from being relitigated on relevant questions of fact which were fully and finally adjudicated in a court of competent jurisdiction. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Collateral estoppel has been employed to support an award of summary judgment in discharge cases. *U.S. Life Title Insurance Co. v. Wade,* 26 B.R. 477, 481 (Bankr. N.D.Ill.1983); *United States Life Title Insurance Co. v. Dohm,* 19 B.R. 134, 136 (Bankr.N.D.Ill.1982).

■ In *Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n,* 804 F.2d 390 (7th Cir. 1986), the court in speaking on the doctrine of collateral estoppel explained:

"Collateral estoppel, which is also known as issue preclusion, generally prevents a party from relitigating an issue the party has already litigated and lost." *Ferrell v. Pierce,* 785 F.2d 1372, 1384 (7th Cir. 1986). In general, ... [t]he policy underlying the doctrine is that "one fair opportunity to litigate an issue is enough." *Bowen v. United States,* 570 F.2d 1311, 1322 (7th Cir.1978). The party asserting estoppel has the burden of establishing

which issues were actually determined in his favor in the prior action. *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1518 (9th Cir.1985). *See Jones v. City of Alton,* 757 F.2d 878, 885 (7th Cir.1985). *Id.* at 392–93.

The party asserting collateral estoppel must provide the court with a record sufficient to establish the following criteria: (1) the issue sought to be precluded must be identical to that involved in the prior action; (2) the party against whom estoppel is invoked was fully represented in the earlier proceeding; (3) the issue must have been actually litigated in the prior action; and (4) resolution of the issue must have been essential to final judgment in the prior action. *See Teamsters Local 282 Pension Trust Fund v. Angelos,* 815 F.2d 452, 456 (7th Cir.1987); *Gilldorn Sav. Ass'n. v. Commerce Sav. Ass'n.,* 804 F.2d 390, 392 (7th Cir.1986); *Ferrell v. Pierce,* 785 F.2d 1372, 1384–85 (7th Cir.1986); *Klingman v. Levinson,* 66 B.R. 548 (N.D.Ill.1986), *affirmed* 831 F.2d 1292 (7th Cir.1987).

■ The Court is unable to determine from the record whether the state court necessarily determined that Castaneda acted willfully and maliciously when he stabbed Corrasco and whether such a determination was essential to the final judgment. In addition, in Illinois the standard of proof in a civil action for assault and battery is the "preponderance of evidence" standard. *See* 3 Illinois Law and Practice, *Assault and Battery,* § 26 (1983 and Supp. 1987), and cases cited therein. However, the party objecting to discharge must prove the facts establishing each element by "clear and convincing" evidence. *In re Kimzey,* 761 F.2d 421, 424 (7th Cir.1985). Because of the difference in burden of proof, collateral estoppel cannot be applied in this case. *See Guenther v. Holmgreen,* 738 F.2d 879, 888 (7th Cir.1984) ("[i]ssue preclusion may be defeated by shifts in the burden of persuasion or by changes in degree of persuasion required", citing 18 C. Wright, A. Miller & E. Cooper *Federal Practice and Procedure* § 4222 at 209 (1980)). *See also Ogle v. Fuiten,* 112 Ill.

App.3d 1048, 68 Ill.Dec. 491, 494, 445 N.E. 2d 1344, 1347 (1983).

The record before this Court is devoid of any of the facts surrounding the fight that ensued between the parties. The Court does not have a transcript of the state court proceedings. There were no findings of fact or conclusions of law provided this Court. The pleadings which have been supplied to the Court are of no help. They are much too general to dictate any specific result to a trial court ruling in favor of the plaintiff. There is no way for this Court to determine the standard of proof the state court judge used in awarding compensatory damages or what findings of fact and conclusion of law that judgment was based on.

In his brief, Corrasco cites *In re Pitner*, 6 B.R. 731 (E.D.Tenn.1980), *aff'd* 696 F.2d 447 (6th Cir.1982), for the proposition that since assault and battery and aggravated assault and battery were alleged in Count II of the complaint and since the state court awarded a judgment on Count II, the state court must have necessarily found that the defendant acted willfully and maliciously. In *Pitner*, the Sixth Circuit in dealing with a situation similar to the case at bar stated, "It has been a general rule that liabilities arising from assault and battery are considered as founded on willful and malicious." *Id.* at 449. There the Court found that the judgment debt owed to the plaintiff was nondischargeable under 11 U.S.C. § 523(a)(6).

The *Pitner* case however, may be distinguished on one very important point. The bankruptcy court was provided with the findings made by the jury in the state court proceeding. Those findings included a determination that the defendant's act of shooting the plaintiff was done deliberately and was not the result of an effort of self-defense. This Court has no such findings or even a transcript of the proceedings from the state court. Thus, the *Pitner* case may be distinguished from the instant case. Accordingly, the Court is not convinced that the issue of whether the judgment debt was a result of a willful and malicious act by the Debtor was actually litigated in the state court proceeding. Hence, the doctrine of collateral estoppel does not apply.

The issue of whether the debtor's act of stabbing Corrasco constitutes a willful and malicious injury for purposes of 11 U.S.C. § 523(a)(6) remains to be determined. Thus, the motion for summary judgment must be denied.

IT IS HEREBY ORDERED that the Motion for Summary Judgment is denied.