In the Matter of Kenneth E. Serra McELDOWNEY d/b/a Clinica Dental Montellanos, etc., Debtor.

Benjamin ARIZMENDI, Maria A. Franceschi, Rafael & Carlos Arizmendi Franceschi; Francisco Javier, Luis E. & Marcos Luis Ramirez Arizmendi, Heirs of Milagros Arizmendi, Plaintiffs,

v.

DEBTOR AND TRUSTEE, Defendants.

Bankruptcy No. 89–02301(SEK).
Adv. No. 89–0080.

United States Bankruptcy Court,
D. Puerto Rico.

Jan. 9, 1991.

Arnaldo Pereira Santiago, Ponce, P.R., for debtor-defendant.

José R. Cintrón Rodríguez, Woods, Rosenbaum, Luckeroth & Pérez González, Hato Rey, P.R., for plaintiffs.

* Editor's Note: Exhibit A is omitted from publication.

** Exhibit B omitted from publication.

1. 1 *Norton Bankruptcy Law and Practice,* Section 27.52.

## OPINION AND ORDER

SARA E. DE JESUS, Bankruptcy Judge.

Plaintiffs have filed a Motion for Summary Judgment claiming that the money judgment entered in Civil case No. 80–6258 by the Superior Court of Puerto Rico, San Juan Part, is not dischargeable pursuant to 11 U.S.C. Section 523(a)(6). For the reasons stated in this Opinion, we deny the request for summary judgment.

## STIPULATED FACTS

1. "Plaintiffs are the heirs of the late Milagros Arizmendi.

2. Milagros Arizmendi's death was caused by the Debtor, who pleaded guilty to the crime of homicide. See Exhibit "A".*

3. For the damages suffered, Plaintiffs hold a judgment against Debtor in Civil Case No. 80–6258, Exhibit "B" ** for $106,-000.00 plus interest.

4. The Judgment in Civil 80–6258 has not been satisfied by the Debtor."

## ISSUE

Whether the debt set forth in the pre-bankruptcy State Courts' criminal conviction and a judgment finding Debtor liable under civil law of negligence, constitute a "willful and malicious injury to another entity" excepted from discharge.

## CONCLUSIONS OF LAW

Bankruptcy Code Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to property of another entity." Hence, "Debts arising from injuries intentionally inflicted on the person or property of another are excepted from discharge providing there is proof of wrongfulness or malice." [1] This Section relates to torts, rather than contracts, and requires that the injury be inflicted not only intentionally but also maliciously.[2] It is the

2. 1 *Norton Bankruptcy Law and Practice,* Section 27.52 and 3 *Collier on Bankruptcy,* Section 523.16 (15th ed.).

element of malice which distinguishes non-dischargeable intentional tort from ordinary intentional tort actions.[3] A malicious injury within the purview of Section 523(a)(6), is a wrongful injury without just cause or excuse.[4] "[W]illful" means deliberate or intentional act which necessarily leads to injury.[5] Pursuant to 11 U.S.C. Section 101(14), " 'entity' includes person, *estate,* trust, governmental unit, and the United States Trustee;".[6] (our emphasis)

Plaintiffs argue that because Debtor pleaded guilty and was convicted of manslaughter, this crime also served as the basis for his civil liability as per judgment entered in Civil Case # 80–6258, these pre-bankruptcy adjudications are sufficient for this Court to determine the debt is nondischargeable.

■ While we believe the stipulated facts and admitted documents satisfy the element of willfully harming another, proof of malice is absent. Although a nonbankruptcy finding of malice could be binding against the debtor on the basis of collateral estoppel or *res judicata,* the better view is that the bankruptcy court is free to redetermine the issue under federal law.[7]

To redetermine the issue of malicious injury within the context of this motion for summary judgment, we must follow the mandate of *Hahn v. Sargent,* and its progeny, which hold:

1. a court must look at the record in the light most favorable to opposing party;

2. the function of a summary judgment is to pierce formal allegations of facts in pleadings and determine whether further exploration of facts is necessary;

3. genuine material issues of facts defeat a motion for summary judgment re-

quiring a jury or judge to determine the parties' differing versions of the truth at trial.[8]

■ We cannot determine from the stipulated facts and Exhibits "A" and "B", whether Debtor's act of killing his wife was malicious within the purview of Section 523(a)(6). Malice is not an element of the crime of manslaughter as per 33 Laws of P.R.Ann. Section 4004. This means the guilty plea entered is of no help. Likewise, the findings of fact and conclusions of law entered in Civil Case # 80–6258 do not mention malice. Our civil law does not require that civil liability for a negligent act or omission be committed with malice.[9] Hence, we cannot tell whether Debtor acted with malice when he killed his wife or whether there may have been some extenuating circumstances which would prevent such a finding.[10] We sympathize with Plaintiffs' plight, but we do not believe they have met their burden of the proof in this motion for summary judgment.

The Clerk will enter a partial summary judgment in keeping with this opinion and give the notice.

---

**3.** *Id.*

**4.** 3 *Collier on Bankruptcy,* Section 523.16[1] (15th ed.).

**5.** 1 *Norton Bankruptcy Law and Practice,* Section 27.53 and 3 *Collier on Bankruptcy,* Section 523.16[1] (15th ed.).

**6.** See also 3 *Collier on Bankruptcy,* Section 523.-16 (15th ed.), and 1 *Norton Bankruptcy Law and Practice,* Section 27.54.

**7.** *In re Pitner,* 6 BCD 1133, 6 B.R. 731 (Bkrtcy.E. D.Tenn., 1980), aff'd 696 F.2d 447 (6th Cir., 1982); *Matter of Eskenazi,* 6 BCD 1140, 6 B.R. 366; 3 CBC 2d. 20 (9th Cir.BAP 1980).

**8.** 523 F.2d 461 (1st Cir., 1975).

**9.** See 31 Laws of P.R.Ann. Section 5141.

**10.** We note that Debtor's sentence was suspended despite his guilty plea based on a presentencing report not available to us.